IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DARREN BERRY, et al., on behalf of )
themselves and all others similarly )
situated, )
 )
 )
          Plaintiffs, )
 )
vs. )   Case No. 05-1158-CV-W-ODS
 )
VOLKSWAGEN OF AMERICA, INC., )
 )
 )
          Defendant. )

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR REMAND

Pending is Plaintiffs' Motion to Remand (Doc. #11). For the following reasons, the Motion is granted.

### BACKGROUND

On January 20, 2005, Plaintiff Darren Berry filed this class action law suit against Volkswagen in the Circuit court of Jackson County, Missouri. Berry seeks certification of two separate classes, one class of Missouri consumers and one nation-wide class excluding those residing in California. On behalf of the state-wide class, Berry alleges Volkswagen's omissions, concealment and course of conduct in connection with sale and marketing of its vehicles with defective window regulators violates the Missouri Merchandising Practices Act. On behalf of the nationwide class, he alleges such omissions, concealment and course of conduct breached express and implied warranties. On October 20, 2005, Plaintiff filed the First Amended Class Action Petition, adding Lisa Hedges as an additional class representative. Hedges owns one of the vehicles at issue. Also included in the first Amended Class Action Petition was the addition of California citizens to the nationwide class definition. On November 18, Defendant removed to this Court, arguing the addition of a new class representative and the redefinition of the nationwide class to include California constitutes a

commencement of a new action for the purposes of the Class Action Fairness Act (CAFA).

## DISCUSSION

CAFA

CAFA applies to actions commenced after February 18, 2005. A post CAFA amendment to a Petition is not subject to CAFA if it relates back to the original Petition. Defendant argues that because California was specifically excluded from the original petition, Plaintiff's October 20 Amendment constitutes commencement of a new action that does not relate back to the original Petition filed in January 2005.

Whenever the claim or defense asserted in the amended pleading arises from the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. See, Johnson v. GMAC Mortg. Corp., 162 S.W.3d 110, 117 (Mo. App. 2005). Recently the Eighth Circuit held that substituting a new class representative does not commence a new action under CAFA. Plubell v. Merck & Co., Inc., --- F.3d ----, 2006 WL 141661 (8th Cir. January 20, 2006). Specifically, if a Defendant knew or should have known that it would be required to defend against claims asserted by the newly-added plaintiff an amendment relates back unless the defendant would be unfairly prejudiced in defending against the newly-added plaintiff.

Defendant argues it could not know Plaintiff would add thousands of plaintiffs from California. The issue is not the number of plaintiffs, the issue is whether Defendant had notice it would have to defend those claims. There is a prior suit filed in California, putting Defendant on notice. In 2004, a suit was filed in the California Superior Court, Orange County. According to Defendants, that suit included the exact nationwide implied warranty class asserted in this action, as well as a putative nationwide class. Additionally, the amended petition adds no additional claims against Defendant, but rather asserts the same claims regarding the faulty window. Defendants claim there are unique differences in this case which separate it from the Plubell decision. While the Court agrees there are differences between this case and Plubell, none alter the legal analysis.

2

Supplemental Jurisdiction

     Defendant further argues this Court has supplemental jurisdiction under 28 U.S.C.§ 1332. In 2005, the Supreme Court held that supplemental jurisdiction statute permits exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy minimum amount-in-controversy requirement, as long as other elements of diversity jurisdiction are present and at least one named plaintiff satisfies amount-in-controversy requirement. Exxon Mobil Corp. v. Allapattah Services, Inc, 125 S.Ct. 2611 (2005). Defendants claim this is applicable in the instant case where the attorney's fees would exceed the $75,000 amount in controversy. However, in determining the jurisdictional amount in controversy for purposes of diversity, attorneys' fees may not be aggregated among class members. See, Kessler v. National Enterprises, Inc., 347 F. 3d. 1067, 1079 (8th 2003). Therefore, the amount in controversy requirement is not met here.

## CONCLUSION

     Plaintiffs' Motion for Remand is granted, and the case is remanded to Circuit Court of Jackson County, Missouri. Plaintiffs' request for attorneys' fees and expenses is denied.

IT IS SO ORDERED.

Date: February 15, 2006        /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, JUDGE
                                          UNITED STATES DISTRICT COURT